IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON JOIEL SUGGS, | No. CIV S-08-1645-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to magistrate judge jurisdiction and the proper respondent has not been named or served.

      Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509

(1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims. In particular, petitioner states in the petition that he did not file a direct appeal or any post-conviction action.

Petitioner was directed to show cause why the petition should not be summarily dismissed for failure to exhaust state court remedies. In his response to the order to show cause, petitioner outlined various state court actions filed in the Sacramento County Superior Court and California Court of Appeal purporting to raise claims presented in the instant federal petition. Petitioner, however, did not present any claims to the California Supreme Court. Because petitioner did not raise his claims to the state's highest court, they are unexhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) is summarily dismissed for failure to exhaust state court remedies; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: October 6, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE